FRANK H. BUCK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9451. Promulgated January 3, 1928.

*H. H. Tooley, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

TRAMMELL: The question involved here is whether the petitioner comes within the provisions of section 303 of the Revenue Act of 1918, the pertinent portions of which are as follows:

That if part of the net income of a corporation is derived (1) from a trade or business (or a branch of a trade or business) in which the employment of capital is necessary, and (2) a part (constituting not less than 30 per centum of its total net income) is derived from a separate trade or business (or a distinctly separate branch of the trade or business) which if constituting the sole trade or business would bring it within the class of "personal service corporations," then (under regulations prescribed by the Commissioner with the approval of the Secretary) the tax upon the first part of such net income shall be separately computed (allowing in such computation only the same proportionate part of the credits authorized in sections 311 and 312), and the tax upon the second part shall be the same percentage thereof as the tax so computed upon the first part is of such first part. * * *

If that part of the business which consisted of the selling of fruit on a commission basis was a distinctly separate branch of the petition's trade or business which if constituting the sole trade or business would bring it within the scope of section 200 of the Revenue Act of 1918, then the petitioner is entitled to have its tax assessed under section 303. There is no serious controversy that an amount in excess of 30 per cent of the petitioner's total net income was derived from selling fruit on a commission basis.

We will discuss first the question as to whether that part of the business which consisted of selling fruit on a commission basis would, if it constituted a sole trade or business, constitute the petitioner a personal service corporation. If it did not, then it becomes unnecessary to determine whether it was a distinctly separate branch of a trade or business within the meaning of section 303.

We find from the evidence that Frank H. Buck owned 531 shares of a total of 1000 outstanding shares. He was the only person who could fairly be said, from the evidence, to have been regularly engaged in the active conduct of the affairs of the corporation. This leaves 469 shares of the outstanding capital stock in the hands of persons who were not regularly engaged in the active conduct of the business. Under this state of facts, in our opinion, the provisions of section 200 of the Revenue Act of 1918 have not been met. The principal stockholders are not regularly engaged in the active conduct of the business as contemplated by that section. This being true, the petitioner, if it had been engaged solely in carrying on business on a commission basis, would not be classified as a personal service corporation. It therefore does not meet the test prescribed by section 303 and could not be taxed under the provisions of that section. The petitioner contended that if it was not entitled to be taxed under the provisions of section 303, then in the alternative it was entitled to the benefit of section 328 of the Revenue Act of 1918 in that there were abnormalities affecting its income or capital. We have no evidence relating to the invested capital of the petitioner, nor have we any evidence from which we could conclude that there were abnormalities affecting its income. We, therefore, approve the action of the Commissioner in assessing the tax under the provisions of section 301.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MORRIS, MURDOCK, and SIEFKIN.